UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHERYL REYNOLDS,

    Plaintiff,

vs.                               CASE NO.:

HARTFORD LIFE AND ACCIDENT          6:13-cv-697-ORL-31TBS
INSURANCE COMPANY,

    Defendant.

_____ /

## COMPLAINT

COMES NOW the Plaintiff, CHERYL REYNOLDS, ("Reynolds"), by and through the undersigned attorney, and sues the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") and alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2.    This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3.    This Court has venue pursuant to 29 U.S.C. §1132(e).

4.    Reynolds is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5.    Reynolds was an employee of BB&T Corporation ("BB&T" or "Employer") and as such it was insured through a group disability policy issued to BB&T by Hartford.

6.    The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7.      The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8.      A copy of the Summary Plan Description ("SPD") for the Plan is attached hereto as composite Exhibit "A".

9.      Hartford is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10.     Hartford denied and/or terminated Reynolds's claim finding that it was not disabled under the terms of the Plan.   Hartford's last denial letter is dated April 11, 2013.

11.     With respect to the claims made herein, Reynolds has exhausted them administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Reynolds incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12.     The Plan provided for the payment of long-term disability benefits in the event Reynolds became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability.  The other benefits are described with particularity in the applicable plan documents for those plans.

13.     Reynolds was and is disabled as defined by the Plan at all times material hereto.

14.    Reynolds made a claim for Plan benefits.  Said claim for benefits was terminated or denied.

15.    Reynolds is entitled to Plan benefits.

16.    Hartford has failed and refused to pay Reynolds sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17.    Because of the failure to pay benefits pursuant to the terms of the Plan, Reynolds has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Reynolds is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Reynolds, prays for relief from defendant, Hartford for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:   4/30/13

Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail: gswartwood@nationlaw.com
Attorneys for Plaintiff